**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**LEONARD MARSHALL,**

      **Plaintiff,**

**vs.**                                     **Case No. 4:10cv172-SPM/WCS**

**FEDERAL EXPRESS CORP.,**

      **Defendant.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff initiated this case on May 7, 2010, by filing a complaint pursuant to 42 U.S.C. § 1981 alleging racial discrimination and retaliation. Doc. 1. The basis for this action is that Plaintiff was terminated by his employer, the Defendant, in September, 2002, for allegedly violating the Acceptable Conduct Policy. Doc. 1. The Defendant discovered that Plaintiff had not truthfully completed the employment application by failing to disclose a conviction. Plaintiff asserts, however, that he answered the application correctly because he entered a No Contest plea, the Court withheld adjudication of guilt, and Plaintiff successfully completed his six month probationary period.

Plaintiff alleges that he learned years later, on April 7, 2008, that a scrivener's error in court records incorrectly stated he had been adjudicated guilty. He asserts that the record should have stated adjudication was withheld. When Plaintiff provided this information to the Defendant and sought to be rehired, Defendant refused to again employ the Plaintiff. Plaintiff contends these are acts of racial discrimination as the employment application did not require that criminal history be reported, but only convictions in the prior seven years.

Defendant responded by filing a motion to dismiss, doc. 5, on June 15, 2010, with a supporting memorandum of law, doc. 6. Defendant argues that Plaintiff's claims are barred by the statute of limitations, that Plaintiff could not show discrimination because a neutral policy was implemented, and a plea of "no contest" is still a conviction in the state of Florida. Docs. 5-6.

When this case was filed, Plaintiff was represented by counsel. After Plaintiff's counsel was permitted to withdraw, docs. 9 and 11, Plaintiff informed the Court that he would proceed *pro se*, doc. 12, and Plaintiff submitted his response to the motion to dismiss. Doc. 13. Plaintiff's *pro se* response, however, was not responsive to the motion. It was a very brief, one paragraph statement that Plaintiff had important documents to support his claim. Doc. 13. I entered an order directing Plaintiff to file a more proper response to the pending motion to dismiss. Doc. 14. In particular, I pointed out that Plaintiff needed to address the arguments raised in the motion to dismiss. *Id.* That order was entered in mid-September and gave Plaintiff until October 21, 2010, to respond. *Id.* Plaintiff attempted to file an amended complaint, not a response to the motion, but he failed to file a motion seeking leave to amend as

required. Doc. 15. Another order was entered reminding Plaintiff to file a response to the motion and advising that this case could not wait indefinitely for Plaintiff to respond. Doc. 16. At this point, Plaintiff still has not filed a proper response to the motion. He has twice more attempted to amend his complaint without seeking leave to do so as required, and as advised several times. There is also little reason to permit amendment, even if Plaintiff had properly requested permission to do so. Plaintiff has not sought an extension of time. Consequently, the motion to dismiss is ready for review.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that dismissal should not be ordered unless it appears beyond doubt that plaintiff could prove "no set of facts" in support of his claims which would entitle him to relief). The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief

beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S.Ct. at 1964-65.

> If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56.

Swierkiewicz, 122 S.Ct. at 998-999.

The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert. denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), quoted in Twombly, 127 S.Ct. at 1966.

**Analysis**

Defendant has argued that Plaintiff's claims are barred by the statute of limitations. Plaintiff brought this action as a § 1981 claim[1] and this case was initiated on

---

[1] 42 U.S.C. § 1981 provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce

May 7, 2010.  Doc. 1.  Plaintiff was hired by the Defendant on January 18, 1999, and terminated from his employment on February 28, 2002.  More than eight years elapsed between Plaintiff's termination and the filing of this case.

Congress has not specifically stated a limitation period for causes of action arising under 42 U.S.C.A. § 1981.  "Accordingly, the limitations period is governed by the most appropriate state statute of limitations."  Johnson v. Railway Express Agency, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295, 302 (1975), *cited in* Freeman v. Motor Convoy, Inc., 700 F.2d 1339, 1350 (11th Cir. 1983); *see also* Williams v. City of Montgomery, 550 F.Supp. 662, 665 (M.D. Ala. 1982).  As correctly noted by Defendant, in Hill v. Metropolitan Atlanta Rapid Transit Authority, 841 F.2d 1533, 1545-46 (11th Cir. 1988), the Court relied upon recent Supreme Court decisions which direct that in either § 1981 or § 1983 claims, the "appropriate statute of limitations for both types of actions is the personal injury statute of the state in which the federal court is sitting."  Hill, 841 F.2d at 1545-46 (11th Cir. 1988), *citing* Goodman v. Lukens Steel Co., 482 U.S. 656, 107 S.Ct. 2617, 2621, 96 L.Ed.2d 572 (1987); Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985).

In Florida, the personal injury statute provides for a four year statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  Thus, whether a

---

contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

claim is brought under § 1981 or § 1983,[2] a plaintiff must bring the claim "within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). Since Plaintiff was terminated in 2002, but did not file this action until 2010, the § 1981 claim is barred.

That Plaintiff learned that the state Clerk of Court had recorded his conviction as involving adjudication of guilt rather than adjudication withheld on April 7, 2008, does not change this analysis. Although the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law. Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.* Plaintiff knew in 2002 of his termination. Plaintiff should have known of the erroneous record with the Clerk of Court shortly thereafter if he thought that he should not have been terminated because his conviction had adjudication of guilt withheld. A reasonable person would have inquired. That Plaintiff waited six years to make this discovery does not toll the statute of limitations. Plaintiff's claims are barred by the statute of limitations and must be dismissed.

---

[2] The earlier case of Baker v. Gulf & Western Industries, Inc., 850 F.2d 1480 (1988), held that the statute of limitations for a claim brought in Florida pursuant to 42 U.S.C. §§ 1981 or 1983 is four years. While Baker simply used FLA. STAT. ch. 95.11(3) and all of its subsections as most applicable, Owens v. Okure, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). now mandates that the residual state statute of limitations applies, which is § 95.11(3)(p). The result, a four year period, is the same.

Therefore, it matters little what additional facts Plaintiff might be able to present in an amended complaint to support a claim of discrimination concerning his termination.  Plaintiff's claims are barred by the statute of limitations.  That determination precludes the need to determine the sufficiency of Defendant's argument that a plea of "no contest" is still a conviction in Florida or whether Plaintiff could state a claim as to the merits of this claim.

Plaintiff also has attempted to assert that he has not been rehired by the Defendant and that is further discrimination.  Plaintiff stated that he applied for several positions with the Defendant after learning of the Clerk's recording error, but has not been hired and, indeed, has never even been called for an interview.  While this claim is not barred by the statute of limitations, there are no facts presented which support a claim for discrimination.  There is no evidence that persons outside of Plaintiff's race were hired for any position for which Plaintiff was hired.  This claim is insufficient and the motion to dismiss should be granted on that basis.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 5, be **GRANTED** and Plaintiff's complaint, doc. 1, be **DISMISSED** as barred by the statute of limitations and for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on November 5, 2010.


 s/      William C. Sherrill, Jr.           
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


Case No. 4:10cv172-SPM/WCS

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.